UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 3:07-cr-559 |
| v. | ) | |
| | ) | GOVERNMENT'S OBJECTION TO |
| WILLIE CURRY, JR., | ) | DISTRICT COURT ORDER FOR |
| | ) | REDUCTION PURSUANT TO |
| Defendant. | ) | 18 U.S.C. § 3582(c)(2) |

The United States of America, by and through its undersigned counsel, files it's objection

to the district court Order finding Curry eligible for a retroactive reduction in sentence to 120

months pursuant to Title 18, United States Code, § 3582(c)(2) (Docket Record, hereinafter "R."

527.).

In support of its position, the United States submits the following:

1.     The Court sentenced the defendant on October 14, 2008, to 137 months

imprisonment following a jury verdict to conspiracy to distribute cocaine base and two counts of

distribution of cocaine base.  (R. 406.)  The jury found Curry responsible for at least five grams,

but less than fifty grams of cocaine base.  (R. 408, Presentence Report, hereinafter "PSR" ¶ 2.)

The PSR found Curry responsible for 15 grams of cocaine base.  (PSR ¶ 58.)  Curry did not

object to this drug quantity at sentencing.  (R. 457, Sentencing Transcript, hereinafter "ST" 3.)

The government objected to this drug quantity and presented evidence at sentencing.  (ST 4-31.)

The district court found there was not a preponderance of evidence to support a higher drug

quantity.  (ST 46.)   Curry had one prior conviction for felony drug offense and under 21 U.S.C.

1

§ 841(b)(1)(B) a mandatory minimum of 120 months would still be applied.  (R. 164.)  As a result, the district court found the advisory guideline range was a Level 26/Criminal History V = 120-137 months.  (ST 46.)

2.      On October 19, 2011, the United States Probation Office (USPO) prepared a memorandum suggesting that, pursuant to § 3582(c)(2), the defendant may be eligible for a retroactive sentencing reduction under Amendment 750.  (R. 516.)  The USPO memorandum found that the amended guideline range is Level 22/Criminal History V = 120 months imprisonment.  (R. 516.)  While the amended guideline range would be 77-96 months, Curry would still be subject to a statutory mandatory minimum 120 month sentence.  Thus, pursuant to United States Sentencing Guideline (USSG) §5G1.1(c)(2), this statutory sentence becomes the guideline sentence.  The USPO memo proposed a reduction to 120 months.  (R. 66.)  On November 30, 2011, the district court entered an Order finding that Curry may be eligible for a reduction to 120 months incarceration.  (R. 527.)  Objections to this Order are due prior to December 21, 2011.  (R. 527.)  For the reasons stated below, the government objects to the amended sentence.

3.  The USPO memo also noted one disciplinary action against Curry.  (R. 516.)   Curry has completed a GED course and drug education.  (R. 516.)

4.      The United States contends that, even if the defendant is eligible for a sentence reduction, the Court should exercise its authority under § 3582(c)(2) to decline to further reduce the defendant's sentence.  *See,* 18 U.S.C. § 3582(c)(2) (sentencing court "*may* reduce the term of imprisonment, after considering the factors set forth in section 3553(a)," (emphasis supplied).

5.      While a federal court generally "may not modify a term of imprisonment once it has been imposed," § 3582(c)(2) provides an exception to that rule "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  *Dillon v. United States*, 560 U.S. ----, 130 S. Ct. 2683, 2687, 177 L.Ed.2d 271 (2010) (quoting § 3582(c)).

6.      Under § 3582(c)(2), a district court must "begin by 'determin[ing] the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing."  *Dillon*, 130 S. Ct. at 2691 (alteration in original) (quoting USSG §1B1.10(b)(1)).  The court must then "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction ... is warranted in whole or in part under the particular circumstances of the case."  *Id.* at 2692; *see also* USSG §1B1.10(b) cmt. n. 1(B)(i) ("Consistent with 18 U.S.C. § 3582(c)(2), the court shall consider the factors set forth in 18 U.S.C. § 3553(a) in determining: (I) whether a reduction in the defendant's term of imprisonment is warranted; and (II) the extent of such reduction....").  In contrast to an initial sentencing proceeding, however, a court proceeding under § 3582(c)(2) generally may not pronounce a sentence below the minimum of the amended guidelines range.  *Dillon*, 130 S. Ct. at 2691.  The court shall not reduce the defendant's sentence under § 3582(c)(2) less than the minimum of the amended guideline range, except for substantial assistance.  USSG §1B1.10(b)(2)(A) and (B).  In determining whether and to what extent a reduction in sentence is warranted, the court must also consider "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment ,"

USSG §1B1.10(b) cmt. n. 1(B)(ii), and it may consider "post-sentencing conduct of the defendant," *id*. at cmt. n. 1(B)(iii).

7.      In reviewing whether to grant the § 3582(c)(2) motion, the district court can consider § 3553(a) factors.  These factors include the seriousness of this offense and the history and characteristics of the defendant.  The offense conduct in the PSR showed ongoing involvement by Curry in this conspiracy.  At sentencing, the district court imposed a 137 month sentence at the high end of the advisory guideline range.  (ST 51.)   This determination was mainly based on the serious nature of Curry's criminal history.  (ST 50.)   As listed by the district court these offenses included "burglary in 1975, theft in '78, offenses in 1984 to include criminal mischief, theft, OWI in 1987, receiving stolen property in '89, obstruction of justice in '93, receiving stolen property in 1993, theft convictions in '95, '97, and '99, possession of controlled substances in 2001, possession of controlled substances with the intent to deliver in 2002, and escape in 2004."  (ST. 50.)  The serious nature of this criminal history not only reflects a life of crime spanning almost 32 years from 1975 to 2007, but also crimes of violence, drug trafficking, obstruction and escape.

8.      The district court also rated high the need to protect the public from further crimes as a predominant factor in arriving in a sentence at the high end of the guideline range.  (ST. 50.)  This same reasoning is also relevant at this stage as expressed in USSG §1B1.10 which states that in determining whether and to what extent a reduction in sentence is warranted, the court must also consider "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment ,"  USSG

§1B1.10(b) cmt. n. 1(B)(ii).  The serious nature of Curry's criminal history and the danger to the public posed by any further reduction in Curry's sentence.

9.      Also highly important is that the effect of a mandatory sentence, driven by drug quantity alone, negates any just consequence for Curry's failure to accept responsibility for his crime and his obstruction of justice at trial.  Curry received a two level obstruction enhancement under USSG §3C1.1 for denying a post arrest statement made by Curry and his false claim that the agent wrote a co-conspirator's name on a hand written statement.  (ST. 40.)

10.      The record of this case supports a finding that the district court arrived at a final sentence of 137 months based on factors other than drug quantity.  To now give a reduction of this sentence to a 120 month sentence, the low end of the previous guideline, would fail to adequately and fairly take into account the serious nature of Curry's prior criminal history, his danger to the public, and his obstruction of justice.  These factors suggest that Curry is a poor candidate for earlier release into the community, and the Court would act within its discretion by simply denying any request for a sentencing reduction.  *See, United States v. Smith*, 595 F.3d 1322 (5th Cir.) (affirming denial of relief for defendant with a record of 19 prison disciplinary violations and noting that commentary to USSG §1B1.10 specifically provides that sentencing "court may consider post-sentencing conduct"), *cert. denied*, 130 S. Ct. 3374 (2010); *see, e.g., United States v. Rivera*, – F.3d –, 2011 WL 5022734 at *3 (October 21, 2011, 2nd Cir.) (noting that a retroactive amendment merely authorizes a reduction in sentence, it does not require one); *United States v. Lafayette*, 585 F.3d 435, 439-40 (D.C. Cir. 2009) (considering a number of factors, including incidents while in prison and the severity of defendant's original crime, in

denial of motion to reduce sentence); *United States v. Borden*, 564 F.3d 100, 104 (2nd Cir. 2009)

(sentencing court noted defendant's "'constant' and 'consistent' violation of the law" in denying

motion to reduce sentence).  The fact that Curry is eligible for a reduction, does not necessarily

mean he is entitled to one.  *See*, *Rivera* at *8.  The district court should exercise its discretion

and deny a retroactive reduction under § 3582(c)(2) to Curry.

WHEREFORE the United States requests that the district court deny Curry's request for

a reduction in his sentence in light of the seriousness of his offense, the history and

characteristics of the defendant, the need to protect the public and the defendant's post

sentencing conduct.

Respectfully Submitted,

Nicholas A. Klinefeldt
United States Attorney


By:   **/s/ Richard D. Westphal**
Richard D. Westphal
Assistant United States Attorney
U.S. Courthouse, Suite 310
131 East Fourth Street
Davenport, Iowa 52801
Tel: (563) 449-5432
Fax: (563) 449-5433
Email: rich.westphal@usdoj.gov

6

CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2011, I
electronically filed the foregoing with the
Clerk of Court using the CM ECF system.  I hereby
certify that a copy of this document was served
on the parties or attorneys of record by:
____U.S. Mail _____ Fax _____Hand Delivery


 X ___ECF/Electronic filing     ____Other means


UNITED STATES ATTORNEY


By: _ */s/ Richard D. Westphal* _____
        Richard D. Westphal
        United States Attorney's Office