IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA,       ) | |
| ) | CRIMINAL NO.  07-559 |
| Plaintiff,       ) | |
| ) | RESPONSE TO GOVERNMENT'S |
| vs.       ) | OBJECTION TO DISTRICT COURT |
| ) | ORDER FOR REDUCTION PURSUANT |
| WILLIE CURRY JR.,       ) | TO 18 U.S.C. §3582(c)(2) |
| ) | |
| Defendant.       ) | |

COMES NOW the defendant, Willie Curry Jr., through counsel, and hereby submits his Response to Government's Objections to the District Court Order for Reduction Pursuant to 18 U.S.C. §3582(c)(2):

1. On February 22, 2008, Mr. Curry was found guilty of conspiracy to distribute cocaine base and two counts of distribution of cocaine base. The Court subsequently ordered a presentence report, which determined that Mr. Curry's advisory guideline range was 120 to 137 months. On October 14, 2008, Mr. Curry was sentenced to 137 months in prison and eight years of supervised release.

2. On November 1, 2011, the guideline amendment to §2D1.1 became retroactive, thereby becoming applicable to Mr. Curry. This amendment would have reduced Mr. Curry's guideline range to 77-96 months, however, Mr. Curry is subject to a mandatory minimum term of 120 months.

3. On November 30, 2011, the Court ordered that "unless objections or motions are filed prior to December 21, 2011, the Court will enter an order reducing the defendant's sentence to 120 months." On December 20, 2011, the government objected to this

1

        proposed reduction "in light of the seriousness of his offense, the history and characteristics of the defendant, the need to protect the public and the defendant's post-sentencing conduct."

4.     The United States Sentencing Commission has determined that the seriousness of Mr. Curry's offense merits an advisory guideline range of 77-96 months. This guideline range includes a two level increase for obstruction of justice. This guideline range also takes into account Mr. Curry's criminal history, which, at 10 points, is at the low end of a criminal history category of V. These 10 points were calculated as follows: 2 points for a theft of a Panasonic radio valued at $149.99 (PSR, ¶84); 1 point for a theft of five pairs of jeans with a total value of $79.95 (PSR, ¶85); 2 points for possessing one rock of crack cocaine (PSR, ¶88); 3 points for selling $20.00 worth of crack cocaine (PSR, ¶90); and 2 points for leaving the Residential Correctional Facility in Davenport for 17 hours (PSR, ¶91). Mr. Curry has other convictions which did not receive criminal history points, either because they were too old, not serious enough, or both. A criminal history category of V adequately accounts for Mr. Curry's prior criminal conduct.

5.     As the government points out, the Court can consider Mr. Curry's post sentencing conduct. See U.S.S.G. §1B1.10, Application Note 1(B)(iii). Contrary to the government's assertion, however, this factor greatly favors Mr. Curry's request for a reduction. While Mr. Curry apparently has had one disciplinary report, he has also obtained his GED and completed drug education. Mr. Curry's overall behavior in prison has been very positive, the complete opposite of the defendant in the case cited by the government, *United States v. Smith*, 595 F.3d 1322 (5th Cir. 2010)(19 prison disciplinary

      violations). Mr. Curry's post-sentencing behavior has also been better than the defendant in *United States v. Ayala*, 540 F.Supp. 2d 676, 680 (W.D. VA 2008), who was granted a sentence reduction despite receiving two disciplinary prison sanctions for an assault and fighting.

6. The Court, in *Ayala,* pointed out that in receiving a reduction, Mr. Ayala was not "the undeserving recipient of blind fortune." Rather, his sentence was being reduced, "because in the judgment of the Commission, the Judiciary, Congress, and much of America-with whom I heartily concur-his original sentence was unfairly harsh when compared to sentences given to defendants for powder cocaine offenses." While Judge Jones was describing the 2007 crack cocaine amendments, his language applies with equal force to the 2010 amendments.

7. Mr. Curry's advisory guideline range after the recent amendment would be 77-96 months except for the fact that he is facing a mandatory minimum term of 120 months. Mr. Curry has done well in prison, completing his GED and drug education. He is now 54 years old and he is not scheduled to be released until January 17, 2017. Pursuant to 18 U.S.C. §3582(c)(2), U.S.S.G. §1B1.10, and 18 U.S.C. §3553(a), Mr. Curry's sentence should be reduced to 120 months.

      WHEREFORE, defendant Willie Curry Jr., respectfully requests that the Court grant his request for a sentence reduction, and reduce his sentence to 120 months.

FEDERAL DEFENDER'S OFFICE
MidwestOne Bank Building
101 W. 2nd Street, Suite 401
Davenport, Iowa 52801-1815
TELEPHONE:  (563) 322-8931
TELEFAX:  (563) 383-0052
EMAIL:  terry_mcatee@fd.org

By: /s/
     **Terence McAtee**
     Assistant Federal Defender
     ATTORNEY FOR DEFENDANT

cc: Richard Westphal, AUSA

CERTIFICATE OF SERVICE
I hereby certify that on December 28, 2011, I electronically filed this document with the Clerk of Court using the ECF system which will serve it on the appropriate parties.
     /s/